DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiffs-Appellants Harold Gregory, Jr. and Lois Gregory, have appealed from the decision of the Wayne County Court of Common Pleas which granted summary judgment in favor of Defendant-Appellee CNA Insurance, Co.[1] This Court affirms.
 I {¶ 2} Lois Gregory ("Lois") was injured in an automobile accident on January 7, 1995, while riding in a car driven by her husband Harold Gregory ("Harold"). Harold and Lois' (collectively "Appellants") car was struck by a car driven by Darlene Long ("Long"). On June 16, 1995, Appellants settled with Long and were paid $100,000 under Long's insurance policy with State Farm Insurance Company. Appellants later settled with Western Reserve Mutual Casualty Company, their insurance company, and were paid $40,000 under the uninsured/underinsured ("UM/UIM") motorists provision of their policy. Appellants also filed a product liability claim against the Ford Motor Company which resulted in a structured settlement agreement of $400,000.
 {¶ 3} At the time of the accident, Harold was employed by The Gerstenslager Company ("Gerstenslager"). Appellee had issued three insurance policies to Gerstenslager including: (1) a Business Auto Policy ("BAP"); (2) a Commercial General Liability policy ("CGL"); and (3) a Commercial Umbrella Plus policy ("CUP"). The named insured under each policy was "The Gerstenslager Co." The BAP had both a "Drive Other Car Coverage-Broadened Coverage for Named Individuals" endorsement and an "Ohio Uninsured Motorists Coverage" endorsement. The "Drive Other Car Coverage-Broadened Coverage for Named Individuals" endorsement named "John H. Margaret McConnell" as additional insureds.
 {¶ 4} On October 30, 2001, Appellants filed suit against Appellee wherein they claimed that they were insured under the policies Appellee issued to Gerstenslager and, as a result, were entitled to compensation for the injuries they sustained as a result of the accident with Long. Appellee answered Appellants' complaint, wherein it denied any obligation to pay Appellants for the injuries they sustained as a result of the accident with Long. In addition, Appellee asserted twenty-six affirmative defenses to Appellants' claim.
 {¶ 5} On November 25, 2002, Appellee filed a motion for summary judgment, to which Appellants responded on June 13, 2003. The trial court granted Appellee's motion on July 8, 2003. Appellants' have timely appealed the trial court's decision, asserting four assignments of error. We have consolidated their assignments of error for ease of analysis.
 II Assignment of Error Number One
"The trial court committed error at law or abused its discretion when granting summary judgment to [appellee] when finding the `broadened coverage endorsement' takes the policies out of Scott-Pontzer."
 Assignment of Error Number Two
"The trial court committed error to the prejudice of [appellants] when granting summary judgment to [appellee] when concluding the various exclusions precluded coverage for [appellants.]"
 Assignment of Error Number Three
"The trial court erred as a matter of law and/or abused its discretion when granting summary judgment to [appellee] when finding that [appellants] were not insureds under the [cup] policy[.]"
 Assignment of Error Number Four
"The trial court committed error at law or abused its discretion prejudicial to [appellants] by granting summary judgment to [appellee] without finding prejudice due to a breach of the requirement for prompt notice which failed to protect its subrogation rights[.]"
 {¶ 6} In Appellants' four assignments of error, they have argued that they are entitled to coverage pursuant to the various insurance policies issued to Gerstenslager by Appellee. Specifically, they have argued that because they are insured under the policies issued by Appellee, the trial court abused its discretion when it granted summary judgment in favor of Appellee. We disagree.
 {¶ 7} As an initial matter, we note that the appropriate appellate standard of review for an award of summary judgment is de novo. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390, citingGrafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Civ.R. 56(C); Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383, quoting Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 8} According to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. See State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589.
 {¶ 9} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 449.
 {¶ 10} In all four of Appellants' assignments of error, they have presented arguments premised on their assumption that Harold was an insured under the policies issued to Gerstenslager by Appellee pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins.Co. (1999), 85 Ohio St.3d 660, overruled in part, WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. Appellants' arguments are also premised on their assumption that as a member of Harold's family, Lois was insured under the same policies as was Harold pursuant to Ezawa v. Yasuda Fire MarineIns. Co. of Am. (1999), 86 Ohio St.3d 557, overruled byGalatis, 2003-Ohio-5849.
 {¶ 11} This Court finds that no genuine issue as to any material fact remains to be litigated in the instant matter because Appellants' assumption that they are insureds under the policies issued to Gerstenslager by Appellee is no longer valid given the Ohio Supreme Court's ruling in Galatis. Galatis
served to limit Scott-Pontzer in that it "restrict[ed] the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed." (Alterations added.) Galatis,2003-Ohio-5849, at ¶ 2. The Court went on to hold that:
"Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Citations omitted.) Id. at paragraph three of the syllabus.
 {¶ 12} In the instant matter, Appellants asserted in their appellate brief that "[a]t the time of the accident Harold was not operating a company owned vehicle nor was he in the course and scope of his employment." Furthermore, Harold was not a "named insured" for purposes of coverage under the policies Appellee issued to Gerstenslager. Therefore, pursuant toGalatis, Harold was not an insured under any of the policies issued to Gerstenslager. See Galatis, 2003-Ohio-5849, at ¶ 2. It also follows that because Lois' status as an insured was premised on Harold's status as an insured, she also was not an insured under any of the policies issued to Gerstanslager.
 {¶ 13} Based on the foregoing, this Court concludes that summary judgment was properly granted to Appellee. Appellants' assignments of error are not well taken. The judgment of the trial court is affirmed.
 III {¶ 14} Appellant's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Slaby, J. concur.
[1] In its answer to Appellants' complaint, Appellee properly identified itself as "Transportation Insurance Company."